# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BROWN, | : |
| | : |
| Plaintiff | CIVIL ACTION NO. 3:18-0487 |
| | : |
| v | : |
| | : (JUDGE MANNION) |
| C. GREEN, *et al.*, | : |
| Defendants | |

## MEMORANDUM

## I. Background

Plaintiff, an inmate formerly confined in the State Correctional Institution Huntingdon (SCI-Huntingdon), Pennsylvania[1], filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the following former and present employees of SCI-Huntingdon: former Superintendent Tice, Superintendent Kauffman, Unit Managers Ralston and Spyker, Grievance Coordinator Green, and Chief Grievance Coordinator Varner. Id.

Currently pending before the Court is Defendants' motion to dismiss the Plaintiff's complaint (Doc. 22) and Plaintiff's motions for injunctive relief. (Docs. 7, 32). For the following reasons, the Court will grant Defendants' motion to dismiss and dismiss Plaintiff's motions for injunctive relief as moot.

---

[1]Plaintiff is currently housed in the State Correctional Institution, Mercer, Pennsylvania.

## II. Allegations in Complaint

Plaintiff alleges that he came into the Department of Corrections on November, 2014 and was housed in SCI-Huntingdon in April, 2015. (Doc. 1). He claims that "while at SCI-Huntingdon, Plaintiff [was] continually exposed to tobacco items, second hand smoke and other harmful items...by staff and inmates." Id. Plaintiff states that he is "exposed in the yard, on the unit and in other areas of SCI-Huntingdon." Id. Plaintiff "brought the exposure issue to all defendants" and the "Defendants failed to act and stop the exposure." Id. He alleges that "each time [he] is exposed he has pain in the chest, head, burning of the eyes, nose, throat, dizziness, becomes confused and an asthma attack". Id. He further claims that "due to the exposure, [he] now has a medical chronic condition, asthma and is at risk for COPD, and cancer." Id.

Plaintiff filed the instant action alleging that "Defendants deliberate indifference to the poor living conditions and exposure of tobacco items, second hand smoke, and other harmful items violates Plaintiff's constitutional rights and constitutes cruel and unusual punishment under the 8th Amendment of the United States Constitution." Id. For relief, Plaintiff seeks a transfer, as well as compensatory and punitive damages. Id.

### III. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part

analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez, supra.

**IV. Discussion**

*Res judicata* "bars a plaintiff who has received a final judgment on the merits in one action from litigating another suit against the same parties

based on the same cause of action." Riley v. DeCarlo, 532 F.App'x. 23, 26-27 (3d Cir. 2013) (citing CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999)). "Whether two causes of action are identical generally depends on a consideration of (1) whether the acts complained of and the demand for recovery are the same; (2) whether the same witnesses and documents will be necessary in the trial in both cases; and (3) whether the material facts alleged are the same." Id. at 27 (citing United States v. Athlone Indus. Inc., 746 F.2d 977, 983 (3d Cir. 1984)).

The Court takes judicial notice of the following three actions filed by Plaintiff, alleging exposure to secondhand smoke at SCI-Huntingdon:

1. Brown v. Tice, et al., 3:16-CV-0609 (M.D. Pa. April 11, 2016).
2. Brown v. Doe, et al., 3:16-CV-1031 (M.D. Pa. May 31, 2016).
3. Brown v. Green, et al., 3:17-CV-0323 (M.D. Pa. Feb. 15, 2017).

All Defendants in the current action have been named in one or more of the above captioned actions. In all actions, Plaintiff requested declaratory relief, monetary damages, and injunctive relief, including criminal prosecution, a transfer to another prison, or the removal of the defendants from their positions. Civil Action No. 3:16-CV-0609 was consolidated into Civil Action No. 3:16-CV-1031 and Civil Action No. 3:16-CV-1031 was closed on August

28, 2017, granting Plaintiff's request to voluntarily dismiss pursuant to Fed.R.Civ.P. 41(a)(2).

Civil Action No. 3:17-CV-0323, which was filed on February 15, 2017, names all the Defendants that are named in the instant action. It was dismissed on August 28, 2017, pursuant to Plaintiff's motion to dismiss, which was construed as a voluntary dismissal. Id. However, since the Plaintiff had "previously dismissed a prior action based on the same claims raised herein," the case was dismissed with prejudice and operated as an adjudication on the merits. Id.

Pursuant to Riley, all four of Plaintiff's actions are identical, in that they name the same Defendants, raise the same cause of action and seek the same recovery. Because Civil Action No. 3:17-CV-0323 was an adjudication on the merits, Plaintiff's current action is barred by *res judicata* and will be dismissed, with prejudice, as well.

**V.     Preliminary Injunction**

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The United States Court of Appeals for the

Third Circuit has delineated four (4) factors that a district court must consider when ruling on a motion for a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured if the court denies the requested relief; (3) whether granting the requested relief will result in even greater harm to the nonmoving party; and (4) whether granting the relief will be in the public interest. See Gerardi v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994); Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 1970–98 (3d Cir. 1990). These same factors are used in considering a motion for temporary restraining order. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa. 1994). The moving party has the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F.Supp.2d 449, 457 (M.D.Pa. 2009) (citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002)). In addition, "[a]s these elements suggest, there must be a 'relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' " Ball v. Famiglio, 396 Fed. App'x 836, 837 (3d Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)).

Moreover, the power of a court to issue injunctive relief is also limited and circumscribed by the mootness doctrine. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996).

In the instant case, Brown seeks injunctive relief in the form of a transfer from SCI–Huntingdon. However, Brown is no longer confined at SCI–Huntingdon. Subsequent to the filing of the above captioned action, Plaintiff was transferred to SCI-Mercer, where he is currently confined.

The Third Circuit Court of Appeals has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations omitted); see also, Abdul–Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul–Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial.)

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). This Court has previously held, in a case such as the present, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where those injunctive claims arose, his transfer to another institution moots any claims for injunctive or declaratory relief. Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D. Pa. 1998). For these reasons, Plaintiff's pending motions for injunctive relief must be denied as moot since he is no longer confined at SCI–Huntingdon, and there is no indication that he will be housed at that facility in the foreseeable future.

**VI.    Conclusion**

For the reasons stated above, the Court will grant Defendants' motion to dismiss Plaintiff's complaint as barred by the doctrine of *res judicata*. Plaintiff's motions for temporary restraining order and preliminary injunction will be dismissed as moot. Because Plaintiff is barred from bringing the above captioned action, his motions to amend (Docs. 28, 35) will be denied. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** February 19, 2019
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0487-01.wpd